The Court
(Thruston, J.,
absent,) was of opinion that the wives had no power to convey but by last will and testament, or by an instrument m the nature of a last will and testament, as provided for in the deed of trust; and that the Court could not enable them to do so.
See 2 Kent’s Com. 163, 165, 166, 170, and the cases by him cited. Lowry and Wife v. Tiernan and Williamson, 2 Har. & Gill, 34-40; Methodist Episcopal Church v. Jacques, 3 Johns. Ch. Rep. 90, 102, 103 to 113; and Ewing v. Smith, 3 Desausure, 417. See, also, Sperling v. Rochfort, 8 Ves. 170; Chesslyn v. Smith, 8 Id. 183; Frederic v. Hartwell, 1 Cox, 193; Burford v. Street, 16 Ves. 135; Pybus v. Smith, 3 Bro. C. C. 346; Newman v. Carlony, 3 Id. 346, note; Socket v. Wray, 4 Id. 483; Anderson v. Dawson, 15 Ves. 536; Richards v. Chambers, 10 Id. 580; Reid v. Shergoold, 10 Id. 370; Lee v. Muggeridge, 1 Vesey & Beames, 118; Fettiplace v. Gorges, 1 Ves. Jun. 46; S. C. 3 Bro. C. C. 8; Rich v. Cockell, 9 Ves. 369; Fenner v. Taylor, 1 Simons, 169; Methodist Episcopal Church v. Jacques, 1 Johns. Ch. Rep. 450; same case, 3 Id. 77; Lancaster v. Dolan, 1 Rawle, *308 231, 248; Acton v. White, 1 Simons & Stuart, 429; Ritchie v. Broadbent, 2 Jac. & Walk. 456, and the case of Gullan v. Trimbey, in a note; Howard v. Damiani, 2 Id. 458; Ball v. Montgomery, 2 Ves. 199; Rich v. Cockell, 9 Id. 369; West v. West, 3 Rand. 373; Emery v. Neighbor, 2 Halsted, 142.